**Application of Daniel D. ROTH and Robert M. Hall.**

**Patent Appeal No. 8968.**

United States Court of Customs and Patent Appeals.

June 7, 1973.

Eugene F. Buell, Pittsburgh, Pa., Buell, Blenko & Ziesenheim, Pittsburgh, Pa., attorneys of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

MARKEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of claims 1–6 of appellants' application serial No. 328,772, filed November 20, 1968, entitled "Surgical Drills." We affirm.

Appellants' invention relates to an air-powered surgical turbine or drill. In particular, a brake means stops rotation of a turbine shaft upon release of an air valve lever controlling the driving of the drill. The details of the invention have been described in a previous interference with a patent to DeGroff,[1] De-Groff v. Roth and Hall, 412 F.2d 1401, 56 CCPA 1331 (1969). The disclosure of DeGroff described in that opinion is substantially the same as the applicable portions of appellants' present specification.

Claim 1, with pertinent portions underlined, is representative of the claims on appeal.

1. A surgical drill comprising an elongated housing, a shaft journaled axially in the housing, turbine means on said shaft within said housing, inlet means in the housing receiving air pressure from a source of high pressure air, valve means between said inlet means and said turbine means for regulating the flow therebetween, chuck means at one end of the shaft adapted to removably frictionally receive the shank of a cutting tool, *brake means acting on the shaft normally engaging said shaft when the air valve is closed,* valve operating means on the housing and *cam means operated by the valve operating means to release the brake means substantially simultaneously as the valve means is opened.*

The pertinent portion of count 2 of the interference (claim 2 of the DeGroff patent) is:

a normally applied brake for said shaft, * * * [a valve] control lever upon initial depression cooperating with said brake to release the same and thereafter upon further pressure to open said control valve in proportion to the degree of pressure applied to said control lever * * *.

We determined in that interference, wherein the issue was originality, that appellants had disclosed to DeGroff the use of a hand-operated valve control lever as a throttle for the drill and had made "the suggestion that a brake be provided." We further stated:

However, the disclosure was of such lever as a throttle only and not as a control for a brake also, much less as a means for providing the particular cooperative relationship of throttle and brake defined in the counts.

The sole issue determinative of this appeal is whether the DeGroff patent is available as a reference under 35 U.S.C. § 102(e). The board so held, giving as its reasoning:

* * * appellant has brought before us no claim which recites the brake means in terms sufficiently broad to be consistent with what the court held to be the scope of the invention which appellants transmitted to DeGroff. We agree with the examiner's position

---

1. Patent No. 3,128,070, filed March 4, 1963, issued April 7, 1964.

in effect that all of the appealed claims recite the brake means in such details as to bring these claims within the scope of the court's reasons for finding priority in DeGroff as to the interference counts.

### , OPINION

Appellants contend that they "were the first to conceive the generic invention involved in the claims here on appeal and that Roth et al. disclosed all of the generic invention to DeGroff." As evidence that the subject matter of the appealed claims antedate the DeGroff patent, appellants assert that:

> * * * the testimony and decisions of the Board of Interference Examiners and the Court of Customs and Patent Appeals and the Preliminary Statement of Applicants are equivalent for the purposes here involved of a Rule 131 Affidavit.

The solicitor states that "[t]he appealed claims do not recite a brake broadly in any 'generic' sense." That is manifestly correct. Not only do the appealed claims recite a specific relationship between the "valve operator means" and a specific "brake means acting on the shaft normally engaging said shaft means," but they additionally recite a "cam means" to effect this relationship.

The evidence in the previous interference was held to be insufficient to show appellants were the first to invent any specific brake details such as recited in the counts. In the present case we again find no factual showing that the specific brake details of the appealed claims were invented by appellants prior to the filing date of the reference patent. Appellants' reliance on selected portions from the record of the previous interference plainly does not amount to the required factual showing. Accordingly, the disclosure of the DeGroff patent is available as a reference under 35 U.S.C. § 102(e) and as such, it anticipates the appealed claims.

The decision of the board is affirmed.

Affirmed.